# UNITED STATES DISTRICT COURT

for the

Southern District of California

FILED

MAY 22 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                      DEPUTY

Case No. 3:19- CV-00734-BEN-LL

Jury Trial: (check one) ☒ Yes   ☐ No

P.I.C. International, Inc. d.b.a.,
$H^2O$ Odyssey, a Californian Corporation

---
Plaintiff

- v -

Steve Charles Goldstein,
an individual residing in California; <u>Pro Se</u>

---
Defendant

## THE DEFENDANT'S ANSWER TO THE COMPLAINT

I.  THE PARTY FILING THIS ANSWER TO THE COMPLAINT:

   Name                **Steve Charles Goldstein; Pro Se**

   Street Address      **2055 Rockhoff Road**

   City and County     **Escondido, Ca.**

   State and Zip Code  **California 92026**

   Telephone Number    **760 481 4356**

   E-mail Address      **STEVE@BLUEWAVEDISTRIBUTION.COM**

II.  **THE ANSWER AND DEFENSES TO THE COMPLAINT**

   A.  The Defendant denies all the allegations made in the complaint unless specifically admitted herein. The paragraphs of this answer correspond with the paragraphs in the Plaintiff's complaint, and are numbered accordingly.

   B.  The complaint fails to state a claim upon which relief can be granted because the claims of the Plaintiff are based on a "Non-Complete Agreement" between the Plaintiff, through its C.E.O., Don Western, (hereinafter: "**Don**") which is not enforceable in this jurisdiction. Furthermore the Plaintiff through Don, has acted in bad faith, by withholding money due to the Defendant. Also, the Plaintiff through Don, has copied the Defendant's designs and packaging which the Defendant created, and all without compensation to the Defendant. Plaintiff through Don has contacted Defendant's customers, slandered the reputation of the Defendant thus causing significant monetary damage to the Defendant of which Defendant demands compensation.

## Nature of the Action

1. The Defendant denies the rights of the Plaintiff to obtain a Declaratory Judgment against the Defendant, and further declares that Defendant should not be named as a Defendant in this suit. Furthermore, Defendant alleges bad faith on behalf of the Plaintiff through Don which in itself should cause the Court to deny declaratory relief.

2. The Defendant denies that he has committed any false patent marking, and/or false advertising, as alleged in the complaint.
The Defendant reserves his right to amend this answer when the other Defendants file their answers or at any other time deemed appropriate. Finally the Defendant claims that the Plaintiff, through Don, has represented to its customers that the packaging and design of its products are the work product of the Plaintiff and not the Defendant.

## The Parties

3. The Defendant lacks sufficient information in regard to the legal entity of the Plaintiff and therefore denies the allegations made herein. However the Defendant knows that Plaintiff has at all times acted through Don.

4. The Defendant lacks sufficient information in regard to "Gooper" and therefore denies the allegations made herein.

5. The Defendant admits that he is a resident of Escondido, California; however denies the remainder of the allegations made herein.

6. The Defendant denies the allegations made herein.

7. The Defendant denies the allegations made herein.

## Jurisdiction and Venue

8. The Defendant lacks sufficient information in regard to the facts alleged herein and therefore denies.

9. The Defendant denies the allegations made herein.

10. The Defendant denies the allegations made herein.

11. The Defendant lacks sufficient information in regard to exclusive jurisdiction and therefore denies the allegations made herein.

12. The Defendant denies the allegations made herein.

13. The Defendant denies the allegations made herein, other than the allegation that he resides in the District.

14. The Defendant denies the allegations made herein.

## $H^2O$ Odyssey Background

15. Defendant lacks sufficient information regarding the Plaintiff and therefore denies the allegations made herein, except for the fact that the owner and C.E.O. of the Plaintiff is Don.

16. Defendant lacks sufficient information and therefore denies the allegations made herein.

17. Defendant lacks sufficient information and therefore denies the allegations made herein.

18. Defendant lacks sufficient information and therefore denies the allegations made herein.

19. Defendant claims that any so-called "Non-Compete Agreement" as alleged by Plaintiff is non-binding in the State of California.

20. Defendant alleges that Plaintiff breached any and all agreements made between the Parties thus causing significant damage to the Defendant for which Defendant demands compensation in an amount of not less than $500,000.

21. Defendant denies the allegations made herein regarding any Non-Compete Agreement, alleging further that agreements of "Non-Compete" are not binding in California.

22. Defendant denies the allegations made herein other than being terminated by $H^2O$ Odyssey.

23. Defendant denies the allegations made herein.

24. Defendant denies the allegations made herein.

25. Defendant denies the allegations made herein.

### Defendant's Infringement Accusations and Threats of Legal Action

Defendant denies infringing any patent; Defendant denies making any threats of legal action.

26. Defendant denies the allegations made herein.

27. Defendant denies the allegations made herein.

28. Defendant denies the allegations made herein.

29. Defendant denies the allegations made herein.

30. Defendant denies the allegations made herein.

### "$H^2O$ Odyssey Does Not Infringe the Patent-in-Suit"

Defendant on the basis of information and belief alleges that Plaintiff is infringing the Patent of other parties, including that which belongs to Gooper Hermetic, Inc.

Defendant lacks sufficient information in regard to Plaintiff's so-called Patent and therefore denies all allegations made in regard to the so-called Patent.

31. Defendant denies the allegations made herein.

32. Defendant denies the accuracy of claim 1 of the so-called Patent.

33. Defendant denies the allegations made herein.

34. Defendant lacks sufficient information and therefore denies all Plaintiff's allegations in regard to the so-called Patent.

35. Defendant denies the allegations made herein.

36. Defendant denies the allegations made herein.

37. Defendant denies the allegations made herein.

38. Defendant denies the allegations made herein.

39. Defendant denies the allegations made herein.

40. Defendant denies the allegations made herein.

41. Defendant denies the allegations made herein.

42. Defendant denies the allegations made herein.

43. Defendant denies the allegations made herein.

44. Defendant denies the allegations made herein.

45. Defendant denies the allegations made herein.

### "Defendant's Bags Are Not Protected by the Patent-in-Suit"

Defendant repeats that he does not have sufficient information regarding Plaintiff's so-called Patent and therefore denies all Plaintiff's allegations in regard to the so-called Patent. Defendant also denies Plaintiff's claim that Defendant's "Bags" are not protected by Patent.

46. Defendant denies the allegations made herein.

47. Defendant denies the allegations made herein.

48. Defendant denies the allegations made herein.

49. Defendant denies the allegations made herein.

50. Defendant denies the allegations made herein.

### Defendant's False and Misleading Actions

Defendant denies that he has made any false and/or misleading actions, and asserts that false and misleading actions were made by Plaintiff and Don.

51. Defendant denies the allegations made herein.

52. Defendant denies the allegations made herein.

53. Defendant denies the allegations made herein.

54. Defendant denies the allegations made herein.

55. Defendant denies the allegations made herein.

56. Defendant denies the allegations made herein.

57. Defendant denies the allegations made herein.

58. Defendant denies the allegations made herein.

59. Defendant denies the allegations made herein.

### Plaintiff's First Claim for Relief

60. Defendant repeats, re-alleges, and incorporates by reference the preceding allegations as though set forth fully herein.

61. Defendant denies the allegations made herein.

62. Defendant denies the allegations made herein.

63. Defendant denies the allegations made herein.

64. Defendant denies the allegations made herein.

65. Defendant denies the allegations made herein.

66. Defendant denies the allegations made herein.

67. Defendant denies the allegations made herein.

68. Defendant denies the allegations made herein.

### Plaintiff's Second Claim for Relief

(False Patent Marking)

Defendant denies that he has made any false patent marking.

69. Defendant re-alleges and incorporates by reference the foregoing allegations as though set forth fully herein.

70. Defendant denies the allegations made herein.

71. Defendant denies the allegations made herein.

72. Defendant denies the allegations made herein.

73. Defendant denies the allegations made herein.

74. Defendant denies the allegations made herein.

75. Defendant denies the allegations made herein.

76. Defendant denies the allegations made herein.

77. Defendant denies the allegations made herein.

### Plaintiff's Third Claim for Relief

(Violation of the Lanham Act)

Defendant denies that he has committed any violation of the Lanham Act, and alleges that Plaintiff through Don has committed numerous violations of the Lanham Act.

78. The Defendant re-alleges and incorporates by reference the foregoing allegations as though set forth fully herein.

79. Defendant denies the allegations made herein.

80. Defendant denies the allegations made herein.

81. Defendant denies the allegations made herein.

82. Defendant denies the allegations made herein.

83. Defendant denies the allegations made herein.

## AFFIRMATIVE DEFENSES TO THE CLAIMS FOR RELIEF

84. The Plaintiff's claim for enforcement of a Non-Competition Agreement is not enforceable under Californian Law. Therefore, Plaintiff's claims must be denied.

85. **Estoppel**

The Plaintiff through Don has violated Federal law by copying Defendant's packing and designs and passing them off as his own. The Plaintiff through Don is in violation of among other laws, the Lanham Act.

86. **Fraud**

The Plaintiff has copied its so-called Patent by process of reverse engineering of an existing Patent owned by one of the named Defendants, Gooper Hermetic Inc. and/or Philip Naftali.

87. **Payment**

The Plaintiff through Don, and his daughter, Sarah Byrd, are unlawfully holding by way of escrow agreement through his daughter, Sarah Byrd acting as an escrow, nearly $200,000 which belongs to the Defendant, as a result of an agreement between Plaintiff and Defendant to divide income received for the sale of certain products.

88. **Other**

The Plaintiff through Don and his daughter, Sarah Byrd, are holding money owed the Defendant pursuant to an agreement to divide income from previous sales.

89.  The Defendant has the following claim against the Plaintiff:

The Plaintiff through Don is in violation of their agreement and understanding, has copied the designs and packaging of the Defendant, has passed off the designs as his personal work product and has not paid any compensation to the Defendant, and also has damaged the reputation of the Defendant by making false claims about the Defendant to various customers and mutual acquaintances. Furthermore the Plaintiff through Don, continues to slander the Defendant throughout the sport-consumer industry causing significant damage to Defendant's reputation.

**CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: May 20th 2019

Signature of Defendant: *Steve C. Goldstein*

Printed Name of Defendant: Steve Charles Goldstein

Telephone Number: 760 – 481 4356

E-mail Address: STEVE@BLUEWAVEDISTRIBUTION.COM

## Prayer for Relief

Wherefore, Defendant requests the Court to reject all claims for relief as alleged by the Plaintiff herein and order that Plaintiff pay Defendant for costs incurred in defending this frivolous action; and, such other and further relief as this Court deems necessary and appropriate.

Furthermore Defendant requests the Court to award monetary damages in the amount of $500,000 or any other greater amount determined by the Court.

Dated: May 20, 2019

*Steve Goldstein*

Steve Goldstein, Defendant, Pro Se

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

PIC International )
) Case No. 3:19-CV-00734-Ben-LL
)
vs. )
) **DECLARATION OF SERVICE**
Steve Goldstein, )
an individual residing )  Person Served:
in CA, Pro Se )
) Date Served:
)  May 21, 2019

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:

in the following manner: (check one)

1)      By personally delivering copies to the person served.

2)      By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to ther person served at the place where the copies were left.

3)      By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4)      By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at
         on          , 20    .

Executed on          , 20      at

May 22, 2019     _Steve C. [signature]_

::ODMA\PCDOCS\WORDPERFECT\14560\2 May 5, 1999 (10:01am)