MANDOUR & ASSOCIATES, APC
Joseph A. Mandour (SBN 188896)
Email: jmandour@mandourlaw.com
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Phone: (858) 487-9300
Attorneys for Defendant,
STEVE CHARLES GOLDSTEIN

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.I.C. INTERNATIONAL, INC., d.b.a. H2Odyssey, a California corporation,<br><br>                    Plaintiff,<br><br>      v.<br><br>GOOPER HERMETIC, LTD., an Israeli limited company; and Steve Charles Goldstein, an individual residing in California; and DOES 1- 10, inclusive,<br><br>                    Defendants. | Case No. 3:19-cv-00734-BEN-LL<br><br>**DEFENDANT STEVE CHARLES GOLDSTEIN'S FIRST AMENDED ANSWER TO THE COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |
| GOOPER HERMETIC, LTD., an Israeli limited company,<br><br>                    Counterclaimant,<br><br>      v.<br><br>P.I.C. INTERNATIONAL, INC., d.b.a. H2Odyssey, a California corporation,<br><br>                    Counter-defendant. | |

Pursuant to Rule 12, 15 and 38 of the Federal Rules of Civil Procedure, defendant Steve Charles Goldstein hereby answers the complaint of plaintiff P.I.C. International., d.b.a., H2Odyssey (hereinafter "H2Odyssey") and demands a jury trial as follows:

## NATURE OF ACTION

1. Defendant admits the complaint purports to bring a claim for declaratory judgment. Defendant denies plaintiff is entitled to any relief. Defendant further admits U.S. Patent No. 9,966,174 is attached to the complaint as Exhibit 1.

2. Defendant admits the complaint purports to bring claims of false patent marking and false advertising. Defendant denies plaintiff is entitled to any relief.

## PARTIES

3. Defendant lacks sufficient knowledge and information to respond to the truth or the falsity of the allegation in paragraph 3 of the complaint and on that basis denies said allegations.

4. Admit.

5. Defendant admits that Goldstein is an individual that resides in Escondido, California and that Gator Dry Bags is not registered as a business with the California Secretary of State, nor as a fictitious business name with San Diego County. Defendant denies the remaining allegations in paragraph 5 of the complaint.

6. Defendant admits that Goldstein is doing business with Gooper Hermetic as its sales representative, that Goldstein solicits business in this district on behalf of Gooper Hermetic including the distribution and sales of Gooper Hermetic and Gator magnetic dry bags, and that Gooper has charged Goldstein with finding a North American distributor for Gooper's magnetic dry bags. Defendant denies the remaining allegations in paragraph 6.

7. Defendant lacks sufficient knowledge and information to respond to the truth or the falsity of the allegation in paragraph 7 of the complaint and on that

basis denies said allegations.

## JURISDICTION AND VENUE

8. Defendant admits the Court has subject matter jurisdiction over this action.

9. Denied.

10. Denied.

11. Defendant admits the Court has subject matter jurisdiction over this action.

12. Defendant admits the Court has personal jurisdiction over defendant. Defendant denies the remaining allegations of paragraph 12 of the complaint.

13. Defendant lacks sufficient knowledge and information to respond to the truth or the falsity of the allegation in paragraph 13 of the complaint and on that basis denies said allegations.

14. Defendant admits venue is proper. Defendant denies the remaining allegations of paragraph 14 of the complaint.

## GENERAL ALLEGATIONS

15. Defendant lacks sufficient knowledge and information to respond to the truth or the falsity of the allegation in paragraph 15 of the complaint and on that basis deny said allegations.

16. Denied.

17. Defendant lacks sufficient knowledge and information to respond to the truth or the falsity of the allegation in paragraph 17 of the complaint and on that basis deny said allegations.

18. Defendant lacks sufficient knowledge and information to respond to the truth or the falsity of the allegation in paragraph 18 of the complaint and on that basis deny said allegations.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admit.

24. Denied.

25. Denied.

26. Denied.

27. Admit.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Defendant admits claim 1 is the only independent claim of the Patent-in-Suit and that it appears in paragraph 32 of the complaint.

33. Defendant states that the prosecution file history of the Patent-in-Suit speaks for itself.

34. Defendant states that the prosecution file history of the Patent-in-Suit speaks for itself.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Defendant admits that its dry bags are named the Key, Classic and Multi. Defendant denies the remaining allegations in paragraph 47 of the complaint.

48. Denied.

49. Denied.

50. Defendant admits that its dry bags are patented. Defendant denies the remaining allegations in paragraph 50 of the complaint.

51. Denied.

52. Defendant lacks sufficient knowledge and information to respond to the truth or the falsity of the allegation in paragraph 52 of the complaint and on that basis deny said allegations.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## **FIRST CLAIM OF RELIEF**

60. Defendant repeats, realleges, and incorporates by reference the preceding allegations above as though set forth fully herein.

61. Admit.

62. Admit.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## SECOND CLAIM OF RELIEF

69. Defendant repeats, realleges, and incorporates by reference the preceding allegations above as though set forth fully herein.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## THIRD CLAIM OF RELIEF

78. Defendant repeats, realleges, and incorporates by reference the preceding allegations above as though set forth fully herein.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Estoppel and Laches

The purported claims alleged in the complaint are barred, in whole or in part, because H2Odyssey, by its acts, omissions and delay, failed to take action within a reasonable time.

### Second Affirmative Defense: Waiver and Acquiescence

The purported claims alleged in the complaint are barred, in whole or in part, because plaintiff, by its acts, omissions and delay, and those of its agents, waived or acquiesced to any claims or causes of action against defendant.

### Third Affirmative Defense: Failure to Mitigate Damages

The purported claims alleged in the complaint are barred, in whole or in part, because plaintiff failed to mitigate its damages.

### Fourth Affirmative Defense: Lack of Damages

The purported claims alleged in the complaint are barred, in whole or in part, due to plaintiff's lack of damages.

### Fifth Affirmative Defense: Lack of Proximate Cause

The purported claims alleged in the complaint are barred, in whole or in part, because defendant was not a proximate cause to plaintiff's damages, if any.

### Reservation of Additional Defenses

Defendant reserves all affirmative defenses available under Rule 8(c) and Rule 12 of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case, or that may be asserted by plaintiff.

### **PRAYER FOR RELIEF**

WHEREFORE, defendant requests entry of judgment in his favor and against plaintiff as follows:

    a. Denying all relief sought by plaintiff;
    b. Declaring the action to be exceptional and awarding defendant its attorneys' fees pursuant to 15 U.S.C. § 1117, 35 U.S.C. § 285 or any other related law; and,

    c. Such other and relief as the Court deems just and appropriate.

Respectfully submitted,

Date: June 19, 2019

**MANDOUR & ASSOCIATES, APC**

    /s Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Defendant,
STEVE CHARLES GOLDSTEIN

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by the jury on all claims herein and all issues and claims so triable in this action.

Respectfully submitted,

Date: June 19, 2019

**MANDOUR & ASSOCIATES, APC**

　　　／s Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Defendant,
STEVE CHARLES GOLDSTEIN

# CERTIFICATE OF SERVICE

I hereby certify that on the below date, I filed the foregoing document with the Court's CM/ECF filing system that will provide notice of the same on the parties and counsel of record in the case.

Dated: June 19, 2019

                /s Ben T. Lila
                Ben T. Lila (SBN 246808)
                Email: blila@mandourlaw.com

Case 3:19-cv-00734-BEN-LL

Case No. 3:19-cv-00734-BEN-LL
DEFENDANT STEVE CHARLES GOLDSTEIN'S FIRST AMENDED ANSWER TO THE COMPLAINT
DEMAND FOR JURY TRIAL
-10-