UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.I.C. INTERNATIONAL, INC., d.b.a. H2Odyssey,<br><br>                                    Plaintiff,<br><br>v.<br><br>GOOPER HERMETIC, LTD., et al.,<br><br>                                    Defendants. | Case No.:  19cv734-BEN-LL<br><br>**CASE MANAGEMENT ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS IN A PATENT CASE** |

On August 20, 2019, the Court held an Early Neutral Evaluation Conference ("ENE") in the above-entitled action. Settlement of the case could not be reached during the ENE and the Court therefore conducted a Case Management Conference pursuant to Rule 16.1(d) of the Local Rules. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1. The Parties must file a joint motion for a protective order, which includes the terms of their agreement for handling confidential documents and information, on or before **September 5, 2019**.

2. A telephonic, attorneys-only Case Management Conference ("CMC") will be held on **October 1, 2019** at **9:00 a.m.** to discuss the status of the Parties' settlement

efforts. Plaintiff's counsel shall coordinate and initiate the conference call by calling chambers with all relevant participants on the line.[1]

3. On or before **October 21, 2019**, each party opposing a claim of infringement shall serve Invalidity Contentions pursuant to Patent L.R. 3.3 and produce documents as required by Patent L.R. 3.4.

4. On or before **November 18, 2019**, the parties shall exchange Preliminary Claim Constructions pursuant to Patent L.R. 4.1(a) and identify extrinsic evidence as required by Patent L.R. 4.1(b).

5. On or before **December 2, 2019**, the parties shall exchange Responsive Claim Constructions pursuant to Patent L.R. 4.1(c) and identify extrinsic evidence as required by Patent L.R. 4.1(d).

6. On or before **December 16, 2019**, parties shall complete and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet, and Joint Hearing Statement pursuant to Patent L.R. 4.2.

7. All discovery intended for use in the Claim Construction Hearing must be completed by **January 20, 2020**. See Patent L.R. 4.3.

8. The deadline for filing, as of right, Amended Invalidity Contentions by the party opposing infringement is **January 20, 2020**. See Patent L.R. 3.6(b)

9. On or before **February 3, 2020**, the parties must file simultaneously their Opening Claim Construction Briefs. See Patent L.R. 4.4(a).

10. On or before **February 18, 2020**, the parties must file simultaneously their Responsive Claim Construction Briefs. See Patent L.R. 4.4(b).

11. The Claim Construction and tutorial hearing will be held **March 5, 2020**, at **9:30 a.m.** before the Honorable Roger T. Benitez. See Patent L.R. 4.5.

12. Not later than thirty (30) days after the filing of the Claim Construction Order, any party relying upon advice of counsel as part of a patent-related claim or

---

[1] 619-557-5585

defense for any reason must make the disclosures required by Patent L.R. 3.7

13. A party opposing a claim of infringement must serve final amended invalidity contentions, within the meaning of Patent L.R. 3.6(b)(2), not later than fifty (50) days after service of the Court's Claim Construction ruling.

14. The initial date for the substantial completion of document discovery including electronically stored information ("ESI") is **May 4, 2020**. See Patent L.R. 2.1(a)(1).

15. All fact discovery shall be completed by all parties on or before **July 3, 2020**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Linda Lopez's Civil Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

16. Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **May 4, 2020**. Defendant(s) (or the party(ies) defending any claim, counterclaim,

crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **May 4, 2020**. On or before **May 26, 2020**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject.

17. All expert disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Civ. P. 26(a)(2)(C) shall be served on all parties on or before **July 31, 2020**. Any contradictory or rebuttal disclosures within the meaning of Rule 26(a)(2)(D)(ii) shall be disclosed on or before **August 28, 2020**. Unless otherwise stipulated by the parties, the required expert disclosures shall include an expert report as required by Rule 26(a)(2)(B). If a written report is not required, the disclosure must provide the information required under Rule 26(a)(2)(c).

18. All expert discovery shall be completed by all parties on or before **September 25, 2020**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery

19. All other dispositive motions, including those addressing Daubert issues, shall be FILED on or before **October 9, 2020**. Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Failure of counsel to timely request a motion date may result in the motion not being heard. Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by the Honorable Roger T. Benitez.

20. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

21. A Mandatory Settlement Conference shall be conducted on **April 6, 2020** at **9:30 a.m.** in the chambers of Magistrate Judge Linda Lopez located at **221 West Broadway, Suite 2140, San Diego, CA 92101**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential.

Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

    a.    **Personal Appearance of Parties Required**: All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. Requests for excuse from attendance for good cause shall be made in writing at least three (3) court days prior to the conference. Failure to appear in person at the Mandatory Settlement Conference will be grounds for sanctions.

    b.    **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with full settlement authority[2] must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Counsel for a government entity may be excused

---

[2] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

<u>from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.</u>

  c. **<u>Confidential Settlement Statements Required</u>**:  No later than **<u>March 27, 2020</u>**, the parties shall submit directly to Magistrate Judge Lopez's chambers (via email or hand delivery c/o the Clerk's Office) confidential settlement statements no more than ten (10) pages in length.  **<u>These confidential statements shall not be filed or served on opposing counsel.</u>**  Each party's confidential statement must set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including any previous settlement negotiations, mediation sessions, or mediation efforts, the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer.  General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order.  It is assumed that all parties will negotiate in good faith.

  d. **<u>Requests to Continue a Mandatory Settlement Conference</u>**:  Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **<u>written joint motion or *ex parte* application</u>**.  The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 83.3(h), and (3) report the position of opposing counsel or any unrepresented parties subject to the Order.  **Absent good cause, requests for continuances will <u>not</u> be considered unless submitted <u>in writing</u> no fewer than (7) days prior to the scheduled conference.**

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

22. In order to identify the claims to be tried and eliminate delay and surprise at trial, the Court enters the following pretrial order pursuant to Fed. R. Civ. P. 16.

23. Parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

24. All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **November 16, 2020**.  Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

25. On or before **November 16, 2020**, the parties shall submit directly to Magistrate Judge Lopez's chambers (via email address or hand delivery c/o the Clerk's Office) a joint statement regarding their willingness to participate in another settlement conference prior to trial. The statement **shall not exceed more than one (1) page in length**.

26. Pursuant to Local Civil Rule 16.1(f)(4), on or before **November 23, 2020**, the parties shall meet and confer to comply with the provisions of that section and prepare a proposed pretrial order in accordance with Local Rule 16.1(f)(6)(c), and containing the following:

   a. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

   b. A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable].  For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses.  A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.

   c. A list, in alphabetical order, of:

        i.      Each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

        ii.     Each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

        iii.    Additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    d.    A list of:

        i.      All exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.  All exhibits are to be identified numerically, plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.

        ii.     All other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

    e.    A statement of all facts to which the parties stipulate.  This statement shall be on a separate page and will be read to and provided to the jury.

    f.    A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

    g.    Counsel will note any objections they have to any other parties' Fed. R. Civ. P. 26 (a)(3) Pretrial Disclosures.

    The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order.  Judge Roger T. Benitez will entertain any questions concerning the conduct of the trial at the pretrial conference.

27. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f)(6)(a).  On or before **November 30, 2020**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties should attempt promptly to resolve their differences, if any, concerning the order.

28. The proposed final pretrial conference order, including objections counsel have to any other party's Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with **Judge Roger T. Benitez's** chambers on or before **December 7, 2020**, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6)(c).  Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

29. The final pretrial conference shall be held before the **Honorable Roger T. Benitez**, United States District Court Judge, on **December 14, 2020** at **10:30 a.m.**, during which time the Court will address the submission of motions in limine, trial briefs, proposed voir dire and jury instructions and the trial schedule.

30. The dates and times set forth herein will not be modified except for good cause shown.

31. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  August 21, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge