FILED

JUN - 4 2020

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.I.C. INTERNATIONAL, INC. d.b.a. H2Odyssey, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOOPER HERMETIC, LTD., a Israeli limited company; and STEVE CHARLES GOLDSTEIN, an individual residing in California; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 3:19-cv-00734-BEN-LL<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT STEVE CHARLES GOLDSTEIN**<br><br>[Doc. No. 63] |

Before the Court is a Motion to Withdraw as Counsel for Defendant Steve Charles Goldstein ("Defendant Goldstein") filed by Defendant Goldstein's counsel[1]. The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78. After reviewing all related filings, the Court grants the Motion.

## I. BACKGROUND

On or around February 18, 2017, P.I.C. International, Inc. d.b.a. H2Odyssey ("Plaintiff") and Defendant Goldstein entered into a written partnership agreement to jointly control, contribute money and/or services to, and share profits from a joint venture

---

[1] Counsel of record that are moving to withdraw are David A. Peck, Alexandra L. Shipman and the law firm Coast Law Group, LLP.

for the sale and distribution of magnetically sealed bags and other products which use a magnetically sealed device for closure. (Doc. No. 63. at 2.) Plaintiff removed Defendant Goldstein from the Partnership on or around October 18, 2018. *See Id.*

On April 22, 2019, Plaintiff filed claims against former Defendant Gooper Hermetic, Ltd. ("Defendant Gooper") and Defendant Goldstein for False Patent Marketing, Declaratory Judgment of Non-Infringement, and False Advertising under the Lanham Act. *Id.* Plaintiff argues that Defendant Goldstein is liable for false patent marking and false advertising claims by virtue of his role as a sales representative of former Defendant Gooper. *Id.* Defendant Goldstein denies such allegations. *Id.*

On May 22, 2019, Defendant Goldstein filed his answer *pro se*. On June 19, 2019, Mandour & Associates, APC appeared on behalf of Goldstein and filed the First Amended Answer. *Id.* On October 3, 2019, Mandour & Associates withdrew as counsel for Defendant Golstein. Id. On November 5, 2019, the Court granted Defendant Goldstein's Motion to Substitute Attorney for counsel of record Coast Law Group, LLP (Doc. No. 35). *Id.* Counsel for Defendant Goldstein filed this Motion on May 5, 2020. (Doc. No. 63.)

## II. LEGAL STANDARD

An attorney may not withdraw as counsel except by leave of court. *Kassab v. San Diego Police Dep't*, 2008 WL 251935, at *1 (S.D. Cal. Jan 29, 2008); *see also Beard v. Shuttermart of Cal., Inc.*, 2008 WL 410694, at *2 (S.D. Cal. Fed. 13, 2008). Additionally, under local rules, an attorney must serve notice of its motion to withdraw on the adverse party as well as on the moving party's client with a declaration of service. Local Civ. R. 83.3(g)(3).

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, 2013 WL 163420 (S.D. Cal. Jan. 14, 2013).

## III. DISCUSSION

In the present case, Defendant Goldstein's counsel seeks to withdraw because (1) Defendant Goldstein has instructed them that he "wishes to represent himself *pro se* moving forward with this action" (Doc. No. 63 at 2); and (2) his instructions have made it impossible for counsel of record to provide adequate representation. Specifically, "[o]n May 27, 2020, Defendant Goldstein wrote to Coast Law Group ("CLG") via email correspondence stating he would be representing himself in this matter moving forward."[2] Id. at 3. The California Rules of Professional Conduct permit withdrawal of counsel when a client's conduct "renders it unreasonably difficult for the [attorney] to carry out the employment effectively." Cal. R. Prof. Conduct 3-700(C)(1)(d). Defendant's instructions that counsel should not to act or litigate any matter regarding the instant case because he intends to proceed *pro se* from this point forward, have made it unreasonably difficult for Defendant's counsel to effectively represent their client. *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2-4 (N.D. Cal. Sept. 15, 2010) (finding that where the client has made it unreasonably difficult to carry out effective representation by their counsel, withdrawal of counsel is warranted); *see also Brooke v. SB Hosp. Palm Springs, LLC*, No. 5:16-cv-00953-ODW(SS), 2017 WL 187132, at *2 (C.D. Cal. Jan. 17, 2017) (same). Moreover, Defendant Goldstein having been advised of the status of the litigation, the risks of proceeding *pro se*, and that he should seek new counsel, has expressly affirmed that he consents to CLG's withdrawal. *See Id.* Finally, the record also reflects that the Motion was served on the Plaintiff and Defendant Goldstein as required by Local Civil Rule 83.3. Neither Plaintiff nor Defendant Goldstein opposed or otherwise filed any response to the Motion.

The Court finds that Defendant Goldstein's instruction to counsel that he wished to represent himself *pro se* moving forward, constitutes good cause for withdrawal.

---

[2] "CLG and Goldstein further communicated about his intention to represent himself *pro se* over the course of several days." (Doc. No. 63 at 3.)

Defendant Goldstein's instructions have rendered it nearly impossible for Defendant's counsel to proceed further in this action. While the Court recognizes that delay may result, the Court finds there is good cause and the ends of justice require withdrawal. *See* L.R. 83.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that:

1. Defendant Goldstein's Counsel's Motion to Withdraw is **GRANTED**;

2. Defendant Goldstein may proceed *pro se* – without counsel;

3. The Clerk of Court **SHALL** update the docket to reflect the withdrawal of David A. Peck, Alexandra L. Shipman, and Coast Law Group, as counsel of record for Defendant Steve Charles Goldstein;

4. Defendant Counsel **SHALL** immediately serve the Defendant Goldstein with a copy of this Order and thereafter file a proof of service to confirm the same;

**IT IS SO ORDERED**.

Dated: June 4, 2020

Hon. Roger T. Benitez
United States District Judge